IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | | |
|---|---|---|
| **JORGE GOLDEN, Individually and On Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **Civil Action No. 2:22-cv-579** |
| **QUALITY LIFE SERVICES, LLC, APRIL LINCON AND SALLY CHAVEZ, INDIVIDUALLY,** | § § § § | |
| **Defendants.** | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jorge Golden ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members" herein) (Named Plaintiff and Class Members are collectively referred to herein as "Plaintiffs") brings this wage theft suit against the above-named Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended and the New Mexico Minimum Wage Act ("NM Wage Act"), N.M. STAT. § 50-4-19, *et seq*.

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich*

*& Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Likewise, the NM Wage Act requires that employees who work more than forty hours in a week be paid one and one-half times their regular hourly rate for hours worked in excess of forty hours. N.M. STAT. § 50-4-22.

3. Defendant Quality Life Services, LLC, April Lincon and Sally Chavez ("Defendants") have violated the FLSA and the NM Wage Act by failing to pay any of their caregivers overtime payments for any hours worked over forty per week. Defendants' caregivers, including Named Plaintiff, work more than forty hours per week but are paid no overtime. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and as an opt-out class action under Federal Rule of Civil Procedure 23.

## II. PARTIES

4. Named Plaintiff Jorge Golden is an individual who resides in Doña Ana County, New Mexico and was employed by Defendants within the meaning of the FLSA. Named Plaintiff Golden was employed by Defendants from approximately May 1, 2019 through July 5, 2022, with some time off between those dates. He has consented to be a party-plaintiff in this action. His signed consent form is attached hereto as "Exhibit A."

5. Defendant Quality Life Services, LLC is a New Mexico Limited Liability Company that is doing business in New Mexico. Defendant may be served with process in this action by service upon its registered agent for service, Sally Chavez at 1014 S. Main St., Las Cruces, NM 88005.

6. Defendant Sally Chavez is the Manager/President of Quality Life Services, LLC. Chavez may be served with process in this action at 1014 S. Main St., Las Cruces, NM 88005, or at 643 Cedardale Loop, Las Cruces, NM 88005.

7. Defendant April Lincon is the Manager/President of Quality Life Services, LLC. Lincon may be served with process in this action at 1014 S. Main St., Las Cruces, NM 88005, or at 4212 Hermia CT, Las Cruces, NM 88011.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff Golden and the NM Class Members' (defined below) NM Wage Act claims form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental jurisdiction over Plaintiff Golden and the NM Class Members' NM Wage Act claims pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

9. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Doña Ana County, New Mexico, which is in this District and Division. Named Plaintiff Golden was an employee of Defendants, and performed work for Defendants in and around Doña Ana County, New Mexico. Defendants are subject to this Court's

personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant Quality Life Services, LLC has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned Defendant Quality Life Services, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. COVERAGE UNDER THE NM WAGE ACT

15. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 50-4-21(B) of the NM Wage Act.

16. At all times hereinafter mentioned, Named Plaintiff Golden and the NM Class Members (defined below) were individual "employees" within the meaning of Section 50-4-21(C) of the NM Wage Act, and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 50-4-21(A) of the NM Wage Act.

## VI. FACTUAL ALLEGATIONS

17. Defendants provide home health care services to patients in their homes or in the health care facilities in which their patients reside.

18. Named Plaintiff Golden has been a caregiver for Defendants from May 1, 2019 through July 5, 2022, with some time off between those two dates.

19. Defendants employ a number of other caregivers throughout the Las Cruces area.

20. In the performance of their work, Plaintiffs handle cell phones, computers and medical devices that were manufactured outside of New Mexico.

### A. Linda Chavez and April Lincon are individually liable for Defendants' violations.

21. As the Owners of Quality Life Services, LLC, Linda Chavez and April Lincon independently exercised control over the work performed by Named Plaintiff and those similarly situated.

22. Linda Chavez and April Lincon are responsible for running the day-to-day operations of Quality Life Services, LLC.

23. Linda Chavez and April Lincon, acting directly in the interest of Quality Life Services, LLC, determined the wages to be paid to Named Plaintiff and those similarly situated.

24. Linda Chavez and April Lincon, acting directly in the interest of Quality Life Services, LLC, determined the work to be performed by Named Plaintiff and those similarly situated.

25. Linda Chavez and April Lincon, acting directly in the interest of Quality Life Services, LLC, determined the locations where Named Plaintiff and those similarly situated would work.

26. Linda Chavez and April Lincon, acting directly in the interest of Quality Life Services, LLC, determined the conditions of employment for Named Plaintiff and those similarly situated.

27. Linda Chavez and April Lincon, acting directly in the interest of Quality Life Services, LLC, maintained employment records on Named Plaintiff and those similarly situated.

28. Linda Chavez and April Lincon, acting directly in the interest of Quality Life Services, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Named Plaintiff and those similarly situated.

### B. The Class Members were misclassified.

29. Defendants classified Plaintiffs and the Class Members as "exempt" from the overtime protections of the FLSA and NM Wage Act by virtue of misclassifying them as independent contractors.

30. Named Plaintiff Golden was paid on an hourly basis, but was not paid any additional compensation for hours worked in excess of forty in a week, despite the fact that he was clearly a non-exempt employee, and not an independent contractor.

31. The Class Members were paid just as Plaintiff Golden was paid; none were paid any additional compensation for hours worked in excess of forty in a week.

32. For all times relevant to this action, the Plaintiffs' primary job duty for the Defendants was the performance of manual, non-management work.

33. Rather, Plaintiffs spend all of their time providing care to individuals in their homes or in their living facilities.  The job duties of the Class Members was and is essentially the same.  As a result,

each Class Member performed the same or similar job duties. The job functions of Plaintiffs required little to no official training, and they did not require a college education or other advanced degree.

34. The daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendants. Virtually every job function was predetermined by Defendants, including the location and dates of the job, the caregivers to be utilized for a specific job, and the duties to be performed by the caregivers. Plaintiffs were prohibited from varying their job duties outside of the predetermined parameters.

35. Plaintiffs were not paid on a salary basis.

36. Plaintiffs did not direct the work of two or more employees at any time during their employment. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

37. Plaintiffs did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; and they do not perform work in a recognized field of artistic or creative endeavor.

38. Named Plaintiff and Class Members worked very long hours, consistently working over forty hours per week.

39. Although they worked very long hours, Plaintiffs were misclassified or otherwise treated as exempt under the Fair Labor Standards Act.. Defendants required the Plaintiffs to work the long hours described above, and thus knew that Named Plaintiff and Class Members regularly worked in excess of 40 hours per week. Nonetheless, Defendants failed and refused to compensate the

Named Plaintiff and Class Members at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek.

40. Defendants have employed and are employing other individuals as caregivers who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties, have been misclassified as "exempt" employees, have consistently worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

41. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

42. Named Plaintiff seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

> **All current and former caregivers of Defendants who were not paid overtime in at least one workweek in the last three years.**

43. Named Plaintiff and the FLSA Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, non-exempt employees. Further, Named Plaintiff and the FLSA Class Members were subjected to the same pay provisions in that they were all paid hourly but were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek, as specifically discussed above.

44. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of misclassifying its caregivers as exempt from the overtime protections of the FLSA. This policy or practice is applicable to the Named

Plaintiff and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all FLSA Class Members.

## VIII. NM WAGE ACT RULE 23 CLASS ALLEGATIONS

45. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff Golden, individually and on behalf of all other similarly situated employees, pursues NM Wage Act claims against Defendants.

46. Named Plaintiff Golden seeks certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "NM Class Members") as follows:

> **All current and former caregivers of Defendants who were not paid overtime in at least one workweek in the last three years.**

47. Named Plaintiff Golden, individually and on behalf of all other similarly situated employees, seeks relief on a class basis challenging Defendants practice misclassifying the NM Class Members as exempt from the overtime protections of the NM Wage Act and therefore failing to pay Named Plaintiff Golden and other similarly situated employees one and one-half times their regular hourly rate of pay for all hours worked over forty in a week.

48. Named Plaintiff Golden and the NM Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, non-exempt employees. Further, Named Plaintiff Golden and the NM Class Members were subjected to the same pay provisions in that they were all classified as exempt employees, were paid hourly, and were not paid any additional compensation for hours worked in excess of 40 in a workweek, as specifically discussed above.

49. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the NM Wage Act results from a policy or practice of misclassifying its caregivers as exempt from the overtime protections of the NM Wage Act. This policy or practice is applicable to Named Plaintiff Golden and all NM Class Members. Application of this policy or practice does not depend on the personal circumstances of Named Plaintiff Golden or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff Golden also applied to all NM Class Members.

50. Therefore, throughout the relevant period, Defendants knew that Named Plaintiff Golden and NM Class Members were not being properly compensated for all of their hours worked.

51. Defendants maintained common work, time, and pay policies and procedures for their caregivers. As a result, Named Plaintiff Golden and NM Class Members are similarly situated and have been regularly deprived of pay for workweeks during which they worked more than forty hours.

52. Plaintiff Golden's NM Wage Act claims against Defendants satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements for the certification of a class action under Federal Rule of Civil Procedure 23.

53. **Numerosity.** The class satisfies the numerosity standard as it is believed that there are at least fifty to sixty NM Class Members. Consequently, joinder of all NM Class Members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendants.

54. **Commonality.** There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

a) Whether Defendants violated the NM Wage Act by classifying the NM Class Members as exempt from the NM Wage Act;

b) Whether Defendants violated the NM Wage Act by failing to pay the NM Class Members overtime compensation for their work hours;

c) Whether Defendants' violation of the NM Wage Act constituted a continuing course of conduct; and

d) The proper measure of damages sustained by the NM Class Members.

55. **Typicality**. Named Plaintiff Golden's claims are typical of those of the class because Named Plaintiff Golden's claims arise from the same course of conduct and legal theories as the claims of the prospective NM Class Members. Like the NM Class Members, Named Plaintiff Golden worked as a non-exempt employee providing care to Defendants' patients. Like the NM Class Members, Named Plaintiff Golden regularly worked in excess of forty hours per week. Like the NM Class Members, Named Plaintiff Golden was misclassified as exempt and was not compensated at proper overtime rates for all overtime hours worked. The other facts outlined above likewise apply equally to both Named Plaintiff Golden and the NM Class Members.

56. **Adequacy**. Named Plaintiff Golden is an adequate representative of the class because his interests do not conflict with the interests of the NM Class Members he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Named Plaintiff Golden and the undersigned counsel, who have experience in employment and class action lawsuits.

57. **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the class could afford to pursue individual litigation against a company the size of Defendant Quality Life Services, LLC, doing so would unduly burden the court system. Individual litigation of many of these claims would

magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendants. A single class action can determine the rights of all NM Class Members in conformity with the interest of efficiency and judicial economy.

### IX. CAUSE OF ACTION ONE:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

58. During the relevant period, Defendants violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees, including Named Plaintiff and the FLSA Class Members, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed.  Defendants have acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

### X. CAUSE OF ACTION TWO:  FAILURE TO PAY WAGES IN ACCORDANCE WITH NEW MEXICO MINIMUM WAGE ACT

59. During the relevant period, Defendants violated the New Mexico Minimum Wage Act, N.M. STAT. § 50-4-22 (West 2018), by employing employees, including Named Plaintiff Golden and the NM Class Members, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular hourly rate.  Defendants' violation of New Mexico Minimum Wage Act occurred as part of a continuing course of conduct.

## IX. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiff prays for judgment against Defendants as follows:

a. For an expedited Order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and individually, and on behalf of any and all such class members.

b. For an Order certifying the NM Wage Law claims as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Named Plaintiff Golden as Class Representative under applicable NM law, and for designation of Plaintiffs' counsel as class counsel;

c. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

d. For an Order awarding Named Plaintiff Golden and the NM Class Members damages pursuant to N.M. Stat. 50-4-26;

e. For an Order awarding Named Plaintiff Golden and the NM Class Members damages for all violations, regardless of the date on which they occurred, as a result of Defendants' continued course of conduct pursuant to N.M. Stat. Ann. 50-4-32;

f. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

g. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

h. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

j. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**

By: */s/ Douglas B. Welmaker*

Douglas B. Welmaker
New Mexico Federal Bar ID 22-213
409 North Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 799-2048

**ATTORNEY FOR PLAINTIFFS**