IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORGE GOLDEN, *individually and*
*on behalf of all others similarly situated*,
and ANTHONY YBARRA

    Plaintiffs,

v.                                                            Civ. No. 22-579 GJF/GBW

QUALITY LIFE SERVCES, LLC, *et al.*,

    Defendants.

## **ORDER GRANTING LEAVE TO FILE MOTION TO COMPEL**

THIS MATTER comes before the Court on Plaintiffs' Opposed Motion for Leave to File Plaintiff's [sic] Motion to Compel. *Doc. 51.* Having considered the Motion and the attendant briefing, *see docs. 54, 57*, and being otherwise fully advised in the premises, the Court GRANTS the Motion.

### I.    Background

Plaintiffs bring wage claims under the Fair Labor Standards Act and the New Mexico Minimum Wage Act on behalf of themselves and all others similarly situated. *Doc. 40* at 1. Plaintiffs served Defendants Quality Life Services, LLC, April Licon, and Sally Chavez with Plaintiffs' Second Interrogatories, *see doc. 51-2* at 1, and Second Requests for Productin [sic], *see doc. 51-2* at 9, on February 17, 2023, and February 23,

2023, respectively.[1]  Defendants provided responses, including objections, to both discovery requests on March 20, 2023, *see doc. 42*, but Plaintiffs' counsel allegedly "did not see the discovery responses" until mid-April, *see doc. 51* at 2-3.  Because Plaintiffs missed the 21-day deadline under Local Rule 26.6 to file a motion to compel based on Defendants' discovery responses, Plaintiffs now request leave from the Court to file a motion to compel.

    II.      ANALYSIS

Under Local Rule 26.6, the Court may extend a party's deadline to file a motion to compel "for good cause."  *Id.*  The Court may also waive application of any of the Local Rules in order "to avoid injustice."  D.N.M.LR-Civ-1.7.  Plaintiffs argue that there is good cause to grant them leave to file a motion to compel because most of the discovery requests at issue seek information about individuals who are opt-in Plaintiffs to the collective which was conditionally certified on April 30, 2023, and because permitting a motion to compel is "in the . . . interest of efficiency in this court proceeding."  *See doc. 51* at 3; *doc. 57* at 2-3.  Defendants, however, argue that Plaintiffs' failure to see the responses to the discovery requests and file a timely motion to compel does not demonstrate good cause.  *See doc. 54* at 2.  Defendants further argue that a motion to compel is unnecessary given that "the parties will soon know" which

---

[1] As Plaintiffs did not file certificates of service for these sets of discovery requests, they are reminded of their obligation to file certificates of service corresponding to their service of discovery requests pursuant to Local Rule 26.2.  *See* D.N.M.LR-Civ. 26.2.

individuals will opt into the collective, and Defendants will provide discovery related to those individuals. *Id.*

The Court agrees with Defendants that Plaintiffs' counsel's explanation for neglecting to file a timely motion to compel shows a lack of good cause. However, the Court finds that it is in the interest of justice to permit Plaintiffs to move to compel discovery responses from Defendants because: (1) the discovery period does not end until October 6, 2023, *see doc. 17*, and (2) the Court recently conditionally certified the collective action, meaning that Plaintiffs will continue to serve discovery requests related to the opt-in Plaintiffs, *see* D.N.M.LR-Civ-1.7. In addition, given that discovery is ongoing, Defendants will be only minimally prejudiced by the untimely motion to compel.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Opposed Motion for Leave to File Plaintiff's [sic] Motion to Compel (*doc. 51*) is GRANTED. Plaintiffs shall file their Motion to Compel **within seven (7) days from the entry of this Order**.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE