IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORGE GOLDEN, *individually and*
*on behalf of all others similarly situated*,
and ANTHONY YBARRA,

    Plaintiffs,

v.                                                                              Civ. No. 22-579 GJF/GBW

QUALITY LIFE SERVICES, LLC, *et al.*,

    Defendants.

## ORDER GRANTING PLAINTIFFS' OPPOSED MOTION TO COMPEL AND FOR LEAVE TO PROPOUND ONE REQUEST FOR PRODUCTION

THIS MATTER is before the Court upon Plaintiffs' Opposed Motion to Compel and For Leave to Propound One Request for Production. *See doc. 91*. Having considered the motion and subsequent briefing (*docs. 100, 103*), the Court will grant the motion.

The first disputed discovery response relates to Request for Production No. 17 ("RFP 17"). Plaintiffs assert that Defendants' response is inadequate because the documents were originally "in electronic form" but were not produced "with their metadata intact including the originating path and filename, and origination MAC (Modified-Accessed-Created) dates … ." *Doc. 91* at 2. Defendants do not dispute that: (i) Plaintiffs were permitted to specify this manner of production, (ii) that Plaintiffs did so, or (iii) that Defendants did not produce it in that form. *See generally doc. 100*.

Instead, Defendants argue only that these documents are not relevant. *Id*. at 1-2. Unfortunately, Defendants never objected to RFP 17 on the basis of relevance. "When a producing party fails to make a timely and proper objection, a court may find that the party has waived any objections to a document request under Rule 34." *First Sav. Bank, F.S.B. v. First Bank System, Inc.*, 902 F. Supp. 1356, 1360 (D. Kan. 1995) (quotation omitted). In this circumstance, the Court will find Defendants have waived this objection. As Defendants present no other argument against compelling production consistent with Plaintiffs' demand, the Court will grant the motion to compel as to RFP 17.

The second disputed discovery response relates to Request for Production No. 19 ("RFP 19"). RFP 19 seeks "[a]ll leases for all residences where [Defendants'] DSPs work for the years 2021 and 2022." *Doc. 91* at 3. Defendants object to producing these leases on two grounds: (1) that they are not relevant and (2) that the RFP exceeds the number of RFPs permitted by the Court. *Doc. 100* at 2-4. The Court will address these objections in reverse order.

Plaintiffs do not dispute that this RFP exceeds the limit set by the Court by one. Thus, they seek leave to propound one additional RFP which would obviate Defendants' second objection to RFP 19. *Doc. 91* at 5-6. Having considered Plaintiffs' explanations for why they should be permitted an additional RFP and Defendants'

responses thereto, the Court is persuaded that Plaintiffs should be permitted one additional RFP and hereby grants the same.

Permitting that additional RFP obviates Defendants' second objection to RFP 19 and the Court now turns to their objection based on relevance.  The degree of control Defendants exercised over Plaintiffs' work and workplace is relevant to the merits of the case.  The terms of the leases will shed light on how much control Defendants exercised over the Plaintiffs' workplaces.  In short, they are relevant to the case.  For their part, Defendants explain that this limited relevance can be addressed by their proposed stipulation that "QLS leases all of the homes their clients live in, and the clients reimburse QLS for their rent."  *Doc. 100* at 4.  Stipulations in lieu of production can be useful compromises where the discovery sought is of narrow relevance and the burden of production would be substantial.  In such circumstances, they can be a useful tool to accomplish the central task of ensuring that discovery is proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  In this case, however, Defendants have been resistant to a stipulation which addresses the question of "control," and they have not argued that producing the leases would be burdensome in any way.  *See doc. 91*, Ex. D.  Consequently, the Court cannot conclude that Plaintiffs should be required to accept the proffered stipulation in lieu of production of otherwise relevant material. Therefore, the Court will grant the motion to compel as to RFP 19.

Based on the foregoing, Plaintiffs' Opposed Motion to Compel and For Leave to Propound One Request for Production (*doc. 91*) is GRANTED.[1]

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] As Plaintiffs did not request costs, the Court will not address that question.