IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORGE GOLDEN, *individually and*
*on behalf of all others similarly situated*,
and ANTHONY YBARRA,

      Plaintiffs,

v.                                                                                                Civ. No. 22-579 GJF/GBW

QUALITY LIFE SERVICES, LLC, *et al.*,

      Defendants.

### ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court upon Defendants' Motion for Protective Order. *See doc. 97.* Defendants request that the Court prohibit Plaintiffs from taking the deposition of Frances Angel because she (1) does not have relevant testimony and (2) suffers from "a medical condition that requires her to avoid stress." *Id.* at 1. Having considered the motion and subsequent briefing (*docs. 98, 104*), the Court will deny the motion.

Barring certain disfavored discovery not relevant here, "it is the party seeking the protective order who has the burden to show good cause for a protective order." *Velasquez v. Frontier Med. Inc.*, 229 F.R.D. 197, 200 (D.N.M. 2005). That party must submit "a particular and specific demonstration of fact, as distinguished from

stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981). Defendants have failed to meet this burden.

With respect to the relevance argument, the Court is not persuaded that Ms. Angel lacks any relevant knowledge or that the knowledge she has is necessarily duplicative of Ms. Chavez. First, Ms. Angel held her QLS Human Resources position for more than a year. Given the importance of this position on the salient issues in the lawsuit, her testimony would be relevant. Second, although Ms. Chavez's knowledge may substantially overlap with Ms. Angel, Ms. Chavez is a party whose resulting bias may impact her recollection of events and facts. In any event, it is entirely possible that Ms. Angel's knowledge and recollections may diverge from Ms. Chavez's. Third, Plaintiffs have pointed to several specific actions taken by Ms. Angel which may be relevant to the issue of control over the plaintiffs' work. The mere fact that Ms. Angel may not have been a human resource "decision-maker" as asserted by Defendants does not eliminate the relevance of her testimony.

With respect to the medical condition argument, Defendants have presented insufficient evidence for the Court to conclude that it must prohibit Ms. Angel's deposition. The only evidence before the Court is a note from a nurse practitioner stating that "[d]ue to Ms. Angel's current medical condition, it is prudent for her to avoid stressful situations. Her upcoming deposition is currently causing increased stress, therefore it is my recommendation that she be excused from being deposed."

*Doc. 104*, Ex. A.  The Court is sympathetic to Ms. Angel's preference to keep her condition confidential.  *See doc. 97* at 2, n.1.  Nonetheless, without any further information about her condition (even under seal), the Court cannot find that it justifies the extraordinary step of completely prohibiting her deposition.[1]

Because they have failed to meet their burden to show good cause for the protective order, Defendants' Motion for Protective Order (*doc. 97*) is DENIED.[2]

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants did not ask for any alternative relief such as requiring a remote deposition or shortening the time limit.  *See doc. 104* at 1 ("[I]t is the deposition itself, not its length or form, that is causing Ms. Angel stress, and therefore the deposition, in its entirety, must be avoided.").  Nonetheless, the Court urges Plaintiffs' counsel to conduct Ms. Angel's deposition in a fashion designed to reduce her anxiety.

[2] As Plaintiffs did not expressly request costs, the Court will not address that question.  *See doc. 98* at 6 ("Plaintiffs would request that the Court order any other relief available under Fed. R. Civ. P. 37.").

3