IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORGE GOLDEN, *individually and*
*on behalf of all others similarly situated,*
and ANTHONY YBARRA,

    Plaintiffs,

v.                                                             Civ No. 22-579 GJF/GBW

QUALITY OF LIFE SERVICES, LLC, *et al.*,

    Defendants.

## **STIPULATED PROTECTIVE ORDER**

THIS MATTER comes before the Court on the parties' Joint Motion for Protective Order. *Doc. 122*. Pursuant to the parties' stipulation and Fed. R. Civ. P. 26(c), the Court GRANTS the Motion and enters the following protective order governing the disclosure of documents and information therein pertaining to "Confidential Information."

IT IS HEREBY ORDERED:

1.    The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information may include the following:

    (a)    Any documents (including communications) of a personal nature regarding parties' intimate relationships.

    (b)    Any documents from the medical or workers' compensation file of any current or former employee or contractor;

    (c)    Any documents (including communications) which are not in the public sphere which the parties deem are of a private nature;

  (d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits or where Confidential Information is discussed;

2. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential or attorneys' eyes only. Defendants will use their best efforts to limit the number of documents designated Confidential.

3. Except as required by law or executive order, Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any other purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

4. Qualified recipients of documents marked "CONFIDENTIAL" shall include only the following:

  (a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

  (b) Court personnel, jurors, and stenographic or videographic reporters engaging in proceedings incident to this action, including depositions and trial;

  (c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case;

(e) The parties to this litigation. For purposes of this Order, the only qualified recipients within Defendant Quality Life Services, LLC will be Sally Chavez and April Licon.

(f) The original author, recipient, or copyee of the document;

(g) Any mediator retained by the parties or appointed by the Court; and

(h) Any other person agreed to by the parties prior to communication of Confidential Information.

5. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential Information that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have

Confidential status during the pendency of any such motion.

6. In the event that any documents or other Information previously identified as confidential are marked as exhibits or otherwise generally discussed during the taking of a deposition in this action, the exhibit, and all portions of the relevant deposition transcript in which the exhibit is discussed and/or referenced, shall immediately be deemed confidential, and therefore subject to the terms of this Protective Order. If a party designates a deposition or portion thereof as "Confidential," the parties shall (a) exclude from attendance at the taking of the deposition (or from the applicable portion of the deposition) persons not permitted to receive confidential information, and (b) provide to the reporter engaged to transcribe the deposition a copy of this Order and obtain his or her written agreement to be bound thereby.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. Whenever a party wishes to file any writing designated as Confidential with the Court, the party may either (a) redact any and all information contained on any page that is marked Confidential before filing said document with the Court, (b) if the party wishing to file said writing is the party that originally designated the document as Confidential that party may, at their discretion, redact only that information that it deems

Confidential from any page that is marked Confidential before filing with the Court or (c) separately file the document under seal with the Court. If a party wishes to file a document that has been marked Confidential with the Court, the party will follow all rules and practices followed by the Court regarding filing a document under seal, including filing a motion establishing good cause for the document to be preserved under seal if necessary, prior to so filing.

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

10. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), this Order shall remain in effect until all confidential information is destroyed or returned to the producing party. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential Material.

11. Subject to the Rules of Evidence, a stamped Confidential document and other Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as Confidential. Any party may move the court for an order that the evidence be received in camera or under other

conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

12. If another court or an administrative agency subpoenas or orders production of stamped Confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as Confidential of the pendency of such subpoena or order.

13. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

14. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

15. Once executed by all parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE