IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORGE GOLDEN, *individually and
on behalf of all others similarly situated*,
and ANTHONY YBARRA,

    Plaintiffs,

v.                                                                                    Civ. No. 22-579 GJF/GBW

QUALITY LIFE SERVICES, LLC, *et al.*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL

THIS MATTER is before the Court upon Plaintiffs' Motion to Compel ("Motion"). *See doc. 68*. Having considered the Motion, the attendant briefing (*docs. 73, 77*), and the parties' oral arguments (*doc. 127*), the Court will GRANT IN PART and DENY IN PART the Motion.

### I.    BACKGROUND

Plaintiffs are Direct Service Providers (DSPs) who provided caregiving services to Defendants' clients. *Doc. 40* at 5. Plaintiffs bring wage claims against Defendants under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act. *See generally id.* On April 30, 2023, the Honorable Gregory Fouratt conditionally certified the case as a collective action pursuant to FLSA and denied Plaintiffs' motion to certify their proposed class under Rule 23. *Doc. 52*. Plaintiffs filed a renewed motion

to certify the class on August 18, 2023, *see doc. 95*, and this motion is currently pending before Judge Fouratt.

On June 20, 2023, Plaintiffs filed the instant Motion which requests that the Court compel Defendants to produce discovery on a variety of topics. Defendants responded to the Motion on July 14, 2023. *Doc. 73*. The Motion was fully briefed on July 19, 2023, *see doc. 78*, with the filing of Plaintiffs' Reply, *doc. 77*.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide the following general standard of discoverability:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979). However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

### III. ANALYSIS

To prevail on their claims, Plaintiffs will need to prove that they were acting as employees of Defendants rather than independent contractors. The test for determining whether an individual is an employee or an independent contractor is known as the "economic realities test" and it examines: (1) the degree of control the employer exerts over its worker, (2) the worker's opportunity for profit or loss, (3) the worker's investment in the business, (4) the permanence of the working relationship, (5) the degree of skill required, and (6) the extent to which the work is an integral part of the employer's business. *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998). Discovery which provides evidence related to one or more of these factors is relevant to the overall lawsuit.

Plaintiffs move to compel Defendants to respond to seven Requests for Production ("RFPs") and four Interrogatories. *See generally doc. 68.* The Court has subdivided the contested discovery requests based on Defendants' responses and objections, and it will address each subdivision in turn.

### A. Request for Production 9 and Interrogatory 6

At oral argument on October 3, 2023, counsel for Plaintiffs stated that they will withdraw the motion to compel with respect to Request for Production ("RFP") 9 and Interrogatory 6 assuming Defendants agree that they have produced all documents that are responsive to these requests. *See doc. 127* at 1-2. Counsel for Defendants indicated

3

that she would ensure that all responsive discovery has been produced.  *Id.*  As a result, the Court will deny as moot the motion to compel with respect to RFP 9 and Interrogatory 6.

**B.      Requests for Production 3, 6, 7, and 8**

RFPs 3, 6, 7, and 8 request information related to the number of hours worked by the DSPs as well as various communications between the DSPs and Defendants.  *Doc. 68* at 3-9.  RFPs 3 and 6 request discovery for all class members, RFP 7 requests discovery related to six specific opt-in plaintiffs, and RFP 8 requests discovery related to one specific opt-in plaintiff.  *See id.*  During oral argument on October 3, 2023, counsel for both parties indicated that there are approximately 60 opt-in plaintiffs.  Counsel for Defendants stated that there would be approximately 460 class members if the class is certified, while counsel for Plaintiffs indicated that there are only 216 class members because the class consists only of individuals who are allegedly eligible for overtime.  Also during the hearing, counsel stated that, at this stage in the litigation, Defendants are willing to withdraw any objections to these RFPs with respect to the opt-in plaintiffs, but not with respect to all potential class members.

Based on the agreement of counsel, the Court will compel Defendants to respond to RFPs 7 and 8.  The Court will also compel responses to RFPs 3 and 6 with respect to the opt-in plaintiffs, but not with respect to all class members.  RFPs 3 and 6 ask Defendants to compile documentation about the hours worked and any

communications about hours worked, pay, and job responsibilities for at least 216 (if not more) individuals between August 4, 2019, and the present. *Doc. 68* at 3-6; *doc. 68-1* at 37. If the class is not certified, it is unclear that Plaintiffs would be entitled to seek this volume of information about non-parties. *See Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 634-35 (D. Kan. 2012). As a result, the Court finds that the burden to Defendants of producing discovery for all class members for RFPs 3 and 6 outweighs the relevance of the discovery to Plaintiffs at this time.

C.   **Requests for Production 11 and 12**

RFP 11 asks Defendants to disclose "[a]ll documents referencing the Individual Service Plan" ("ISP") for each client with whom six specific DSPs worked in the last two years. *Doc. 68* at 9. RFP 12 asks for "[a]ll daily notes or health care interview documents for each client" written by the same six DSPs in the last two years. *Id.* at 11. Defendants object to both requests on the bases that the information is protected by HIPAA, it involves highly sensitive medical information of non-parties, it is not relevant to the claims in the lawsuit, and producing it is overly burdensome. *Id.* at 10-12; *doc. 73* at 2-3.

As described by Plaintiffs, the ISPs are "state-mandated plans that [Quality Life Services (QLS)] . . . and the DSPs working under QLS are obligated to follow." *Doc. 77* at 4. ISPs include "action plans" and "direction to staff and DSPs regarding the scope of care for [clients]." *Id.* at 4-5. Daily notes, on the other hand, appear to be status-report

5

type documents about a client's health and activity that DSPs create every time they interact with a client.

The Court will compel Defendants to respond to RFP 11.  Medical information that is normally protected under HIPAA may be disclosed for purposes of litigation pursuant to a protective order.  *See* 45 C.F.R. § 164.512; *see also DeVargas v. Bd. of Cnty. Comm'rs for Santa Fe Cnty.*, 2022 WL 1500622, at *6 (D.N.M. May 12, 2022).  The Court recognizes that there are still privacy concerns implicated by the disclosure of the ISPs even under a protective order, and that Defendants will experience burden in producing all documents related to ISPs for the clients of six DSPs.  However, the ISPs contain information relating to the day-to-day tasks assigned to and performed by the DSPs as well as information about the working relationship between QLS management and the DSPs.  As a result, the ISPs are relevant to Plaintiffs' claims that they were employees rather than independent contractors.  The Court finds that the probative nature of the ISPs outweighs the privacy concerns as well as the burden to Defendants in collecting and disclosing this information.

The Court will not, however, compel Defendants to respond to RFP 12.  Although the daily notes would provide information about the DSPs' day-to-day activities, their main purpose is to document the medical status of Defendants' clients.  The Court does not find that the minimal relevance of the daily notes outweighs the significant burden to Defendants of collecting daily notes from six DSPs for numerous

clients over two years. In addition, as Defendants point out, Plaintiffs may still testify to the fact that they were required to take daily notes as one of their job tasks. *See doc. 73* at 3.

### D. Interrogatories 1 and 2

Interrogatory 1 requests Defendants to "identify all properties owned by each Defendant from August 4, 2019, to the present used in the operation of Quality Life Services, LLC's business." *Doc. 68* at 12. Interrogatory 2 requests Defendants to "identify all vehicles owned by each Defendant used in the operation of Quality Life Services, LLC's business." *Id.* at 13. Defendants objected to both interrogatories on the basis that the phrase "used in the operation of Quality Life Services, LLC's business" is vague and overbroad and because the interrogatories are seeking private and non-relevant information. *Id.* at 12-13.

The Court does not find that the phrase "used in the operation of Quality Life Services, LLC's business" is vague or overbroad because it clearly references buildings or vehicles that were used by Defendants in the course of operating their business. The Court also does not find that Defendants have a privacy interest regarding buildings or vehicles owned by a business. Further, during the motion hearing, Plaintiffs clarified that they are not seeking information about vehicles that are privately owned vehicles only associated with Defendant's business because they are used by Defendants' employees to get to and from work. *See doc. 127* at 3. With this clarification and based

7

on the foregoing reasons, the Court will compel Defendants' response to Interrogatories 1 and 2.

### E. Interrogatory 3

In Interrogatory 3, Plaintiffs request the names and contact information of all nursing staff and house coordinators who worked for Defendants in the last few years. *Doc. 68* at 14. Defendants objected and argued that this information is not relevant and invades the privacy interests of non-parties. *Id.*; *doc. 73* at 3. Because the nursing staff and house coordinators were allegedly supervisors of the DSPs and thus may have had a role in designing and/or supervising the day-to-day tasks of the DSPs, the Court finds that their identities are relevant to this lawsuit. In addition, Plaintiffs are only requesting basic information about these individuals including their name, address, email address, phone number, job position, and dates of employment with Defendant, and Plaintiffs have agreed to allow Defendant to produce this information under a protective order. The Court finds that any minor privacy concerns that are implicated by the disclosure of this discovery under a protective order are outweighed by the relevance of the discovery to Plaintiffs. *See Picasso Builders, LLC v. Roofing Wholesale Co., Inc.*, 2020 WL 12739434, at *5 (D.N.M. Nov. 30, 2020).

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART.[1]

To the extent that they have not already done so, Defendants shall provide full and complete responses to: (1) Requests for Production 3 and 6 with respect to the opt-in plaintiffs; (2) Requests for Production 7, 8, and 11; and (3) Interrogatories 1, 2, and 3.

Defendants' responses to the above-listed discovery requests are due **no later than 14 days from the issuance of this Order.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] Because Plaintiffs did not request costs, the Court will not address that question.