UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JORGE GOLDEN, *individually and on
behalf of all others similarly situated*, and
ANTHONY YBARRA,

    Plaintiffs,

v.                                                                     Civ. No. 22-579 GJF/GBW

QUALITY LIFE SERVICES, LLC,
SALLY CHAVEZ, and APRIL LICON,

    Defendants.

### ORDER OVERRULING DEFENDANTS' OBJECTION TO ORDERS REGARDING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Defendants' Rule 72(a) Objection to Orders Regarding Defendants' Motion for Protective Order. ECF 146. Plaintiffs responded in opposition [ECF 149], Defendants did not reply, and the Objection is now fully briefed. For the following reasons, the Court concludes that Defendants did not carry their burden to demonstrate that Chief Magistrate Judge Wormuth's orders[1] concerning Defendants' Motion for Protective Order [ECF 97] were either clearly erroneous or contrary to law. This Court accordingly **OVERRULES** the objection and orders the two-hour, remote deposition authorized by Chief Judge Wormuth to occur within thirty (30) days of the entry of this Order.[2] ECF 57.

---

[1] Defendants object both to Chief Judge Wormuth's original Order Denying Defendants' Motion for Protective Order [ECF 110] as well as his Order Denying Defendants' Amended Motion for Reconsideration [ECF 142].

[2] Defendants have suggested that the soon-to-be revised trial schedule, now virtually guaranteed by the Court's granting of a Rule 23 class action for the New Mexico Minimum Wage Act claim, may give the parties some additional flexibility to take the subject witness's deposition. *See* Defs. Obj., ECF 146, at 5-6 ("In the alternative, given the significant likelihood that the trial will be postponed . . . Defendants propose that [the witness's] deposition be postponed until after she has given birth."). The Court will leave to the parties whether the forthcoming revised trial schedule yields an agreement between them to arrange for the deposition on a schedule other than the one set forth in this Order. In the absence of such an agreement, however, the 30-day limitation in this Order will control.

## I.    LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure authorizes a party to object to a magistrate judge's non-dispositive order. "The [presiding] judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This rule finds its statutory foothold in 28 U.S.C. § 636(b)(1)(A), which empowers the presiding judge "to reconsider any [non-dispositive] pretrial matter . . .where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." A presiding judge must "defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).

To overturn a magistrate judge's decision as clearly erroneous, the presiding judge must have "a definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). With respect to the "contrary to law" standard, the presiding judge conducts a plenary review of the magistrate judge's legal determinations, nullifying the order only if it applied an incorrect legal standard. *See* Charles Alan Wright, et al., 12 FEDERAL PRACTICE & PROCEDURE § 3069, at 350 (4th ed. 2018). "In sum, it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the [presiding] judge." *Id.* at 350-51. To be sure, however, just "as the [presiding] judge should defer to the magistrate judge's decision . . . he or she should not be hamstrung by the clearly erroneous standard. At its broadest, it is limited to factual findings." *Id.* at 355.

## II.    ANALYSIS

Defendants do not contend that Chief Judge Wormuth clearly erred with respect to the finding of any *facts*. Indeed, their Objection does not specify so much as a single fact that Chief Judge Wormuth erroneously found – or erroneously refused to find – as part of his original order

or the order on the amended motion to reconsider.  Instead, Defendants' objection centers around what they contend was simply a misapplication of Federal Rules of Civil Procedure 26(b)(2)(C) and 26(c).  *See* Defs. Obj., ECF 146, at 5.

Rule 26(b)(2)(C) requires a trial court to "limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]"  Fed. R. Civ. P. 26(b)(2)(C).  For its part, Rule 26(c) authorizes the trial court on a showing of good cause to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  That rule endows the trial court with substantial discretion, including whether to forbid the discovery altogether or to impose limitations on the manner of obtaining it.  *Id.*

Defendants claim that Chief Judge Wormuth violated Rule 26(b)(2)(C) by deciding only to limit the duration and format of the subject witness's deposition, rather than forbidding it altogether.  This Court sees it differently.  It is abundantly clear from the multiple rounds of briefing, the minutes from the October 25, 2023 status conference [ECF 141 at 3], and his orders that Chief Judge Wormuth reasonably balanced the important interests of Plaintiffs in obtaining relevant testimony from a key witness together with the undeniably serious interests associated with the witness's current medical condition.  Based on the parties' submissions before him, it was not unreasonable for Chief Judge Wormuth to conclude that a witness who even with her condition *continues to work* at Defendants' place of employment is stable and sturdy enough to undergo a remote deposition conducted in respectful tones and limited to no more than two hours.

The objection before this Court is not entitled to – and did not receive – *de novo* review.  Instead, paying required deference to the orders of Chief Judge Wormuth, this Court has little

difficulty finding that neither order being objected to was contrary to law.  The record demonstrates that, with respect both to the original order and the amended order denying reconsideration, Chief Judge Wormuth thoroughly considered the parties' positions, thoughtfully evaluated the options available to him, and reached a decision that struck a meaningful balance between the competing interests.  This was the essence of judicial discretion.

**IT IS THEREFORE ORDERED** that Defendants' Rule 72(a) Objection to Orders Regarding Defendants' Motion for Protective Order is **OVERRULED**.  **IT IS FURTHER ORDERED** that, absent the parties' agreement to a different schedule, the deposition of the subject witness shall be conducted pursuant to the limitations imposed by Chief Judge Wormuth not later than thirty (30) days from the date of this Order.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*