UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JORGE GOLDEN and ANTHONY
YBARRA, Individually and On Behalf of
All Others Similarly Situated,

  Plaintiffs,

v.                                    No. 2:22-cv-579-GJF-GBW

QUALITY LIFE SERVICES, LLC, et al.,

  Defendants.

## FINAL ORDER ON PARTIES' JOINT MOTION TO APPROVE CLASS ACTION SETTLEMENT

THIS MATTER came before the Court on the Parties' Joint Motion to Approve Class Action Settlement (Motion). The Court entered its Order Preliminarily Approving Class Settlement on July 22, 2024. [ECF No. 196]. Plaintiffs sent out notice of the class settlement to Class Members on August 8, 2024 by mail and August 9, 2024 by email. [ECF No. 197].

The Court-approved notice advised Class Members of the exact amount of attorney's fees and costs to be paid as part of this Order. *See* ECF 194-3 at 3. The Notice further advised that Class Members had forty-five days from the date that Notice was mailed and emailed to object to the Settlement. ECF 196 at 2 (Court ordering that Notice include 45-day deadline). The Notice also explained that the Court would hold a Final Fairness Hearing on October 10, 2024 at 9:00 a.m. via Zoom. *Id.*

The Court convened the Final Fairness Hearing as scheduled. ECF 199 (minutes). Counsel for the parties appeared, as did the named Plaintiffs and two other Class Members. *Id.* at 1. The Court confirmed that no Class Member had filed any objections to any aspect of the proposed settlement or otherwise opted out of the proposed settlement.

Having considered the Motion and additional information provided by counsel at the Fairness Hearing, the Court finds and concludes that the Motion is well-taken and shall be GRANTED. The Court FINDS as follows:

1. The Parties agreed to settle this case as a class action on the terms and conditions stated in the Settlement Agreement (Agreement) attached as Exhibit 1 to the Parties' Joint Motion to Approve Class Action Settlement (Class Motion), filed July July 17, 2024.  ECF 194-1.

2. The Court preliminarily approved the Settlement Agreement attached as Exhibit 1 to the Parties' initial Motion [ECF No. 195], including all material terms.  ECF 196.

3. The Notice to Class Members as set forth in the Agreement and this Court's July 22, 2024 Order were sent to all Fed. R. Civ. P. 23 New Mexico Minimum Wage Acts (NMMWA) Class Members and to the two Fair Labor Standards Act (FLSA) Class Members who opted out of the NMMWA Class. This Notice and its form of dissemination: (a) constituted the best notice practicable under the circumstances; (b) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of this Action, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; (c) constituted reasonable, adequate, and sufficient notice to all Class Members entitled to receive notice; and (d) complied with Fed. R. Civ. P. 23, constitutional due process, and all other applicable law.

4. The Court finds that the Parties negotiated the Settlement of this matter at arms-length, that all Parties were represented by experienced counsel in that negotiation,

and that the settlement resulted from a five hour mediation led by experienced Chief Magistrate Judge for the District of New Mexico, Hon. Gregory Wormuth.

5. The Court finds that this litigation has been vigorously contested by both sides. This litigation only promised to become more intense as the parties prepared for trial. Trial in this matter would have required this Court, sitting as finder of fact, to make findings of fact and conclusions of law regarding dispositive, hybrid questions of law and fact – namely, whether the Class Members were employees or independent contractors under the New Mexico Minimum Wage Act and the Fair Labor Standards Act. Such a trial would have involved substantial testimony and consideration of credibility of witnesses. Given the liquidated damages and attorney's fees provisions in the NMMWA, the Court's final decision would likely be all-or-nothing in terms of how damages were assessed. Finally, regardless of the outcome of trial, the side that did not prevail on the employee v. independent contractor question likely would have appealed to the Tenth Circuit.

6. Given this reality, the Court finds that both parties faced significant substantive litigation risk and guaranteed extensive delay if they were to pursue this case to trial.

7. The Court finds that the settlement is adequate. The settlement provides Class Members a substantial portion of possible damages that they could receive at trial, but with the benefit of receiving that money relatively quickly rather than in an indefinite period of time. The Court also finds that there was significant risk that a final judgment against Defendants could result in insolvency and/or bankruptcy, neither of which would be in the best interests of the Class.

8. The Court finds that the method of calculating damages for the Class is equitable, fair, and reasonable method to ensure relief to all Class Members.

9. The Court finds that the method of distribution of class funds to the Class Members is adequate and reasonable.

10. As addressed in this Court's separate Order on Plaintiffs' Unopposed Motion for Attorney's Fees and Costs [ECF 201], the Court finds that Plaintiffs' counsel have reduced their contractually binding fee to ensure more money goes to the Class. The Court finds that Plaintiffs' attorneys' fees and all costs set forth in the Settlement Agreement are reasonable.

11. The Court finds that the Service Awards of $10,000 to Anthony Ybarra and $14,000 to Jorge Golden are reasonable incentive payments given the length and intensity of this litigation and for the additional reasons set forth in the Parties' Joint Motion. [ECF No. 194, p. 14-16].

Therefore, for the above reasons, the Court ORDERS as follows:

1. The Settlement Agreement presented to the Court as Exhibit 1 to the Parties Motion and the Parties Addendum to that Settlement Agreement[1] comply with the standard set forth in Fed. R. Civ. P. 23(e)(2) and accompanying federal case law. The Settlement Agreement and its Addendum are hereby approved in their entirety.

2. Defendants are hereby ordered, as set forth in paragraph 4(a) of the Parties' Settlement Agreement and the Addendum, to fund the settlement in this case of a total of $1,158,000.00 by February 1, 2025.

---

[1] This Addendum is set forth in the docket as ECF No. 198-2.

3. Plaintiffs are hereby ordered to dismiss this action within five days of Defendants' funding mentioned in the preceding paragraph.

4. Plaintiffs and the Class Administrator are hereby ordered to effectuate distribution of the funds to Class Members as listed in paragraphs 3 and 4 of the Settlement Agreement.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**


APPROVED AS TO FORM AND SUBSTANCE:

**WELMAKER LAW, PLLC**

*/s/ Douglas B. Welmaker*
**Douglas B. Welmaker**
New Mexico Federal Bar ID 22-213
409 North Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 799-2048

AND

**BENOIT LEGAL, PLLC**
The Law Center
311 Montana, Suite B
El Paso, Texas 79902
(915) 532-5544
Fax (915) 532-5566

*/s/ Christopher Benoit*
**Christopher Benoit**
New Mexico No. 15097

5

chris@coylefirm.com

**ATTORNEYS FOR PLAINTIFFS**

AND

**MOODY & STANFORD, P.C.**

/s/ *Repps D. Stanford*
Repps D. Stanford
Christopher M. Moody
8500 Menaul NE, Ste. A-210
Albuquerque, NM 87112
Mailing Address: P.O. Box 91853
Albuquerque, NM 87199
(505) 944-0033
stanford@nmlaborlaw.com
moody@nmlaborlaw.com

**ATTORNEYS FOR DEFENDANTS**